**CT Corporation**

**Service of Process Transmittal**
02/21/2022
CT Log Number 541085753

**TO:** Tracey McShane, Legal Asst.
Carrington Mortgage Holdings, LLC
1600 S Douglass Rd Ste 110
Anaheim, CA 92806-5951

**RE:** Process Served in Louisiana

**FOR:** Carrington Mortgage Services, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JENNIFER GUILLORY vs. CARRINGTON MORTGAGE SERVICES, LLC |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # C71341424 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/21/2022 at 08:35 |
| **JURISDICTION SERVED:** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log<br><br>Image SOP<br><br>Email Notification, Tracey McShane  Tracey.McShane@carringtonmh.com<br><br>Email Notification, Judi Johnston  judi.johnston@carringtonmh.com<br><br>Email Notification, Kristine Boren  kristine.boren@carringtonmh.com<br><br>Email Notification, Star Japp  star.japp@carringtonmh.com<br><br>Email Notification, Jeren Wei  jeren.wei@carringtonmh.com<br><br>Email Notification, Leslie Klott  leslie.klott@carringtonmh.com<br><br>Email Notification, ALEXANDRIA RAYFORD  alexandria.rayford@carringtonmh.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)

Page 1 of 2 / SG

EXHIBIT A

 **CT** Corporation

**Service of Process Transmittal**
02/21/2022
CT Log Number 541085753

**TO:** Tracey McShane, Legal Asst.
Carrington Mortgage Holdings, LLC
1600 S Douglass Rd Ste 110
Anaheim, CA 92806-5951

**RE:** **Process Served in Louisiana**

**FOR:** Carrington Mortgage Services, LLC  (Domestic State: DE)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EAST BATON ROUGE PARISH
Filed Nov 18, 2021 8:45 AM
Deputy Clerk of Court
E-File Received Nov 18, 2021 8:43 AM

C-713414
24

| | |
|---|---|
| JENNIFER GUILLORY | SUIT NO. _____ SEC. _____ |
| versus | 19TH JUDICIAL DISTRICT COURT |
| CARRINGTON MORTGAGE SERVICES, LLC | PARISH OF EAST BATON ROUGE |
| | STATE OF LOUISIANA |

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff Jennifer Guillory, a major, domiciled in Lake Charles, Louisiana, who respectfully represents:

1.

Made defendant herein is Carrington Mortgage Services, LLC ("Carrington"), a foreign limited liability company, which may be served through its agent for service of process, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

2.

This court has jurisdiction over this matter under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

3.

Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the plaintiff's claims occurred, and the plaintiff's property that is the subject of this action is situated, within this judicial district.

4.

At all times pertinent hereto, the plaintiff was the owner of the property located at 816 E. Tank Farm Road, Lake Charles, Louisiana 70607. Carrington was the mortgagee of the plaintiff's property.

5.

On or about August 27, 2020, the plaintiff sustained significant damage to her home and property located at 816 E. Tank Farm Road, Lake Charles, Louisiana 70607, as a result of Hurricane Laura. As a result of this damage, the plaintiffs' homeowner's insurer issued payments on multiple occasions which were jointly payable to both Carrington and the plaintiff. Upon her receipt of these payments, the plaintiff promptly provided those funds to Carrington.

6.

In addition to other sums received by the plaintiff, she received payments from her

1


Certified True and Correct Copy
CertID: 2022021500520

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
2/15/2022 1:22 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

insurer for hurricane damages to her home and other structures in the amount of $41,292.55, $12,485.21, $4,351.72, $1,001.24, $10,167.86, $8,935.19, and $113,029.70. All of these payments were jointly payable to the plaintiff and Carrington, and therefore each of these payments was promptly provided those funds to Carrington. The total amount of insurance payments that the plaintiff sent to Carrington is $191,263.47. The last of these payments was forwarded by the plaintiff to Carrington on or about September 3, 2021.

7.

At all times pertinent hereto, including on the date that Hurricane Laura caused damage to the plaintiff's property, the balance of the plaintiff's loan was and has been less than the total amount of the insurance payments that the plaintiff sent to Carrington. At present, the principal balance on the plaintiff's loan is approximately $111,469.07. Therefore, Carrington is currently in possession of approximately $80,000.00 in insurance payments more than the insurable interest of Carrington and those amounts should be released immediately.

8.

In addition to the approximately $80,000.00 in excess funds over which Carrington wrongfully exercises possession and which it has failed to release to the plaintiff, Carrington has also failed to comply with its duties to release any amounts of the remainder of the insurance funds to the plaintiff to reimburse her for the repairs that have already been performed on her home and for which she has already paid.

9.

The plaintiff has provided Carrington with all information and documents requested by it regarding the repairs that have been made and are to be made on her home to address the damage from Hurricane Laura, including estimates, invoices, receipts, and other related documentation. Carrington has also performed multiple inspections of the plaintiff's property during the repair process to confirm the progress of these repairs. To date, the plaintiff has paid approximately $68,000.00 out of pocket for repairs. However, despite having been provided with all necessary information and documents as well as having the opportunity to conduct multiple inspections of the repairs, Carrington has disbursed only $40,000.00 of the plaintiff's insurance funds to her. Thus, Carrington continues to wrongfully exercise possession over at least approximately an additional $28,000.00 of the plaintiff's insurance proceeds which should have already been disbursed to the plaintiff. Further, based on the level of work that has already been performed,

2


Certified True and
Correct Copy
CertID: 2022021500520


East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
2/15/2022 1:22 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

even more than the $68,000.00 expended by the plaintiff should have been disbursed.

10.

As a result of Carrington's refusal to disburse the insurance funds owed to the plaintiff and which were paid by her insurer specifically for the purpose of allowing her to repair the hurricane damages to her home, the plaintiff has had no choice but to continue to pay for repairs out of pocket. However, because of the significant damage to her home from Hurricane Laura and the costs of those necessary repairs, the plaintiff is unable to advance all of those costs. As a result, Carrington's conduct and refusal to disburse to the plaintiff the funds that are owed to her has caused unnecessary delays in those repairs which she could have performed sooner if Carrington had complied with its legal obligations to pay the plaintiff her insurance proceeds when those amounts were due to her.

11.

Further, as a result of the delays caused by Carrington's failure to pay all amounts due to the plaintiff, the costs of such repairs have increased due to various factors. Because of the delays in repairs caused by Carrington's refusal to pay all amounts owed to the plaintiff, she has been forced to bear these additional costs which could have been avoided if Carrington had timely complied with its duties under the law and the mortgage agreement.

**COUNT I: CONVERSION**

12.

The plaintiff repeats and reiterates all of the foregoing allegations as if herein set forth, and in addition, alleges:

13.

By refusing to pay the plaintiff the amounts being held in excess of its insurable interest in the mortgaged property and its refusal to disburse other amounts due to the plaintiff along with all interest generated by the insurance funds which the plaintiff tendered to the defendant, Carrington converted and otherwise misappropriated the plaintiff's insurance proceeds for its own use and benefit, with such benefits including but not limited to cash proceeds earned as interest on those insurance funds which were owed to the plaintiff but which Carrington unlawfully kept as its own.

3


Certified True and
Correct Copy
CertID: 2022021500520

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
2/15/2022 1:22 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

14.

Further, through its unlawful conversion and misappropriation of these funds, Carrington has deprived the plaintiff of the use of these funds, thereby preventing her from earning interest on those funds and timely making repairs to her home. Carrington's actions have delayed the repairs of the plaintiff's home and caused additional, otherwise avoidable costs, such as storage costs, rental costs, and increased cost of living which would have been unnecessary if Carrington had issued to the plaintiff all of her insurance proceeds owed to her so that she could perform and complete repairs to her home in a timely manner.

15.

As a result of the unlawful conversion of funds which are rightfully owed to the plaintiff, the plaintiff has been damaged in an amount to be proven at trial.

### COUNT II: UNJUST ENRICHMENT

16.

The plaintiff repeats and reiterates all of the foregoing allegations as if herein set forth, and in addition, alleges:

17.

By refusing to pay the plaintiff the amounts being held in excess of its insurable interest in the mortgaged property and its refusal to disburse other amounts due to the plaintiff along with all interest generated by the insurance funds which the plaintiff tendered to the defendant, Carrington will be and has been unjustly enriched at the expense of the plaintiff in the form of cash proceeds earned as interest on those insurance funds which were obtained as a result of the plaintiff securing insurance on the property and paying insurance premiums.

18.

Carrington is liable to the plaintiff for all amounts to be proven at trial by which Carrington has been unjustly enriched.

### DAMAGES AND RELIEF REQUESTED

19.

As a direct and proximate result of Carrington's negligence, fault, and breach of duties owed to the plaintiff, plaintiff Jennifer Guillory has suffered general and special damages, for which Carrington is liable to the plaintiff under the law and under its mortgage agreement with the plaintiff, including but not limited to:

4


Certified True and Correct Copy
CertID: 2022021500520

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
2/15/2022 1:22 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

a) any and all amounts of the plaintiff's insurance proceeds over which Carrington has exercised and continues to exercise possession without the plaintiff's authorization and which it has failed to issue to the plaintiff, including all such amounts in excess of Carrington's interest in the mortgaged property and other amounts that should have been released;

b) any and all amounts of the plaintiff's insurance proceeds over which Carrington has exercised and continues to exercise possession which are due to the plaintiff for reimbursement of repair expenses already paid by the plaintiff;

c) any and all additional amounts due to the plaintiff under the law and the mortgage agreement to allow the plaintiff to continue funding the repair of her property;

d) any and all interest that Carrington has earned or could have earned on the plaintiff's insurance proceeds over which Carrington has unlawfully exercised possession;

e) any and all damages sustained by the plaintiff as a result of Carrington's unlawful exercise of possession over the funds owed to the plaintiff and which Carrington has failed to pay to her, including but not limited to additional past and future costs and expenses which the plaintiff has been or will be required to incur and which would have been avoided if the defendant had acted properly, such as storage costs, rental costs, and other costs incurred by the plaintiff as a result of being unable to repair and reoccupy her home;

f) general damages, including inconvenience, annoyance, worry, upset, and enjoyment o life;

g) and any and all costs, expenses, legal fees, legal interest, and other amounts recoverable under the law as a result of the plaintiff having to seek legal redress because of Carrington's violations of the law; and

h) any and all other damages to be proven at the trial of this cause.

WHEREFORE, plaintiff Jennifer Guillory prays that after the expiration of all legal delays and due proceedings are had, there be a judgment rendered herein in the plaintiff's favor and against Carrington Mortgage Services, LLC for all recoveries reasonable under the premises together with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, attorneys' fees, and any other damages, penalties, or sanctions allowed by law


Certified True and Correct Copy
CertID: 2022021500520

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
2/15/2022 1:22 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

EAST BATON ROUGE PARISH  C-713414
Filed Nov 18, 2021 8:45 AM    24
Deputy Clerk of Court
E-File Received Nov 18, 2021 8:43 AM

| | |
|---|---|
| **JENNIFER GUILLORY** | SUIT NO. _____   SEC. _____ |
| versus | **19ᵀᴴ JUDICIAL DISTRICT COURT** |
| **CARRINGTON MORTGAGE SERVICES, LLC** | **PARISH OF EAST BATON ROUGE** |
| | **STATE OF LOUISIANA** |

### PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes plaintiff Jennifer Guillory, a major, domiciled in Lake Charles, Louisiana, who respectfully represents:

1.

Made defendant herein is Carrington Mortgage Services, LLC ("Carrington"), a foreign limited liability company, which may be served through its agent for service of process, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

2.

This court has jurisdiction over this matter under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

3.

Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the plaintiff's claims occurred, and the plaintiff's property that is the subject of this action is situated, within this judicial district.

4.

At all times pertinent hereto, the plaintiff was the owner of the property located at 816 E. Tank Farm Road, Lake Charles, Louisiana 70607. Carrington was the mortgagee of the plaintiff's property.

5.

On or about August 27, 2020, the plaintiff sustained significant damage to her home and property located at 816 E. Tank Farm Road, Lake Charles, Louisiana 70607, as a result of Hurricane Laura. As a result of this damage, the plaintiffs' homeowner's insurer issued payments on multiple occasions which were jointly payable to both Carrington and the plaintiff. Upon her receipt of these payments, the plaintiff promptly provided those funds to Carrington.

6.

In addition to other sums received by the plaintiff, she received payments from her

1



insurer for hurricane damages to her home and other structures in the amount of $41,292.55, $12,485.21, $4,351.72, $1,001.24, $10,167.86, $8,935.19, and $113,029.70. All of these payments were jointly payable to the plaintiff and Carrington, and therefore each of these payments was promptly provided those funds to Carrington. The total amount of insurance payments that the plaintiff sent to Carrington is $191,263.47. The last of these payments was forwarded by the plaintiff to Carrington on or about September 3, 2021.

7.

At all times pertinent hereto, including on the date that Hurricane Laura caused damage to the plaintiff's property, the balance of the plaintiff's loan was and has been less than the total amount of the insurance payments that the plaintiff sent to Carrington. At present, the principal balance on the plaintiff's loan is approximately $111,469.07. Therefore, Carrington is currently in possession of approximately $80,000.00 in insurance payments more than the insurable interest of Carrington and those amounts should be released immediately.

8.

In addition to the approximately $80,000.00 in excess funds over which Carrington wrongfully exercises possession and which it has failed to release to the plaintiff, Carrington has also failed to comply with its duties to release any amounts of the remainder of the insurance funds to the plaintiff to reimburse her for the repairs that have already been performed on her home and for which she has already paid.

9.

The plaintiff has provided Carrington with all information and documents requested by it regarding the repairs that have been made and are to be made on her home to address the damage from Hurricane Laura, including estimates, invoices, receipts, and other related documentation. Carrington has also performed multiple inspections of the plaintiff's property during the repair process to confirm the progress of these repairs. To date, the plaintiff has paid approximately $68,000.00 out of pocket for repairs. However, despite having been provided with all necessary information and documents as well as having the opportunity to conduct multiple inspections of the repairs, Carrington has disbursed only $40,000.00 of the plaintiff's insurance funds to her. Thus, Carrington continues to wrongfully exercise possession over at least approximately an additional $28,000.00 of the plaintiff's insurance proceeds which should have already been disbursed to the plaintiff. Further, based on the level of work that has already been performed,

even more than the $68,000.00 expended by the plaintiff should have been disbursed.

10.

As a result of Carrington's refusal to disburse the insurance funds owed to the plaintiff and which were paid by her insurer specifically for the purpose of allowing her to repair the hurricane damages to her home, the plaintiff has had no choice but to continue to pay for repairs out of pocket. However, because of the significant damage to her home from Hurricane Laura and the costs of those necessary repairs, the plaintiff is unable to advance all of those costs. As a result, Carrington's conduct and refusal to disburse to the plaintiff the funds that are owed to her has caused unnecessary delays in those repairs which she could have performed sooner if Carrington had complied with its legal obligations to pay the plaintiff her insurance proceeds when those amounts were due to her.

11.

Further, as a result of the delays caused by Carrington's failure to pay all amounts due to the plaintiff, the costs of such repairs have increased due to various factors. Because of the delays in repairs caused by Carrington's refusal to pay all amounts owed to the plaintiff, she has been forced to bear these additional costs which could have been avoided if Carrington had timely complied with its duties under the law and the mortgage agreement.

**COUNT I: CONVERSION**

12.

The plaintiff repeats and reiterates all of the foregoing allegations as if herein set forth, and in addition, alleges:

13.

By refusing to pay the plaintiff the amounts being held in excess of its insurable interest in the mortgaged property and its refusal to disburse other amounts due to the plaintiff along with all interest generated by the insurance funds which the plaintiff tendered to the defendant, Carrington converted and otherwise misappropriated the plaintiff's insurance proceeds for its own use and benefit, with such benefits including but not limited to cash proceeds earned as interest on those insurance funds which were owed to the plaintiff but which Carrington unlawfully kept as its own.

14.

Further, through its unlawful conversion and misappropriation of these funds, Carrington has deprived the plaintiff of the use of these funds, thereby preventing her from earning interest on those funds and timely making repairs to her home. Carrington's actions have delayed the repairs of the plaintiff's home and caused additional, otherwise avoidable costs, such as storage costs, rental costs, and increased cost of living which would have been unnecessary if Carrington had issued to the plaintiff all of her insurance proceeds owed to her so that she could perform and complete repairs to her home in a timely manner.

15.

As a result of the unlawful conversion of funds which are rightfully owed to the plaintiff, the plaintiff has been damaged in an amount to be proven at trial.

**COUNT II: UNJUST ENRICHMENT**

16.

The plaintiff repeats and reiterates all of the foregoing allegations as if herein set forth, and in addition, alleges:

17.

By refusing to pay the plaintiff the amounts being held in excess of its insurable interest in the mortgaged property and its refusal to disburse other amounts due to the plaintiff along with all interest generated by the insurance funds which the plaintiff tendered to the defendant, Carrington will be and has been unjustly enriched at the expense of the plaintiff in the form of cash proceeds earned as interest on those insurance funds which were obtained as a result of the plaintiff securing insurance on the property and paying insurance premiums.

18.

Carrington is liable to the plaintiff for all amounts to be proven at trial by which Carrington has been unjustly enriched.

**DAMAGES AND RELIEF REQUESTED**

19.

As a direct and proximate result of Carrington's negligence, fault, and breach of duties owed to the plaintiff, plaintiff Jennifer Guillory has suffered general and special damages, for which Carrington is liable to the plaintiff under the law and under its mortgage agreement with the plaintiff, including but not limited to:

a) any and all amounts of the plaintiff's insurance proceeds over which Carrington has exercised and continues to exercise possession without the plaintiff's authorization and which it has failed to issue to the plaintiff, including all such amounts in excess of Carrington's interest in the mortgaged property and other amounts that should have been released;

b) any and all amounts of the plaintiff's insurance proceeds over which Carrington has exercised and continues to exercise possession which are due to the plaintiff for reimbursement of repair expenses already paid by the plaintiff;

c) any and all additional amounts due to the plaintiff under the law and the mortgage agreement to allow the plaintiff to continue funding the repair of her property;

d) any and all interest that Carrington has earned or could have earned on the plaintiff's insurance proceeds over which Carrington has unlawfully exercised possession;

e) any and all damages sustained by the plaintiff as a result of Carrington's unlawful exercise of possession over the funds owed to the plaintiff and which Carrington has failed to pay to her, including but not limited to additional past and future costs and expenses which the plaintiff has been or will be required to incur and which would have been avoided if the defendant had acted properly, such as storage costs, rental costs, and other costs incurred by the plaintiff as a result of being unable to repair and reoccupy her home;

f) general damages, including inconvenience, annoyance, worry, upset, and enjoyment o life;

g) and any and all costs, expenses, legal fees, legal interest, and other amounts recoverable under the law as a result of the plaintiff having to seek legal redress because of Carrington's violations of the law; and

h) any and all other damages to be proven at the trial of this cause.

WHEREFORE, plaintiff Jennifer Guillory prays that after the expiration of all legal delays and due proceedings are had, there be a judgment rendered herein in the plaintiff's favor and against Carrington Mortgage Services, LLC for all recoveries reasonable under the premises together with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, attorneys' fees, and any other damages, penalties, or sanctions allowed by law

and reasonable under the premises.

                                        Respectfully submitted:

                                        Simien & Simien, L.L.C.
                                        Attorneys and Counselors at Law
                                        7908 Wrenwood Boulevard
                                        Baton Rouge, Louisiana 70809
                                        (225) 932-9221; (225) 932-9286 (fax)

                                        By:    Eulis Simien, Bar # 12077
                                                    Jimmy Simien, Bar, # 1598
                                                    Roy Bergeron, Jr., Bar # 33726

**PLEASE SERVE:**

Carrington Mortgage Services, LLC
*through their agent of process*
CT Corporation System
3867 Plaza Tower Dr
Baton Rouge, LA 70816

| | |
|---|---|
| JENNIFER GUILLORY | SUIT NO. 713414   SEC. 24 |
| versus | 19TH JUDICIAL DISTRICT COURT |
| CARRINGTON MORTGAGE SERVICES, LLC | PARISH OF EAST BATON ROUGE |
| | STATE OF LOUISIANA |

**FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes plaintiff Jennifer Guillory, who, pursuant to Louisiana Code of Civil Procedure article 1151, *et. seq.*, amends and supplements her Petition for Damages in the following respects, without the requirement to first obtain leave of Court or consent of the defendant, as no answer has been filed yet by the defendant in this matter:

I.

By deleting Paragraphs 2 and 3 of the Petition for Damages, and replacing them with the following Paragraphs:

"2.

This court has jurisdiction over the plaintiff's claims and the defendant, and the damages sustained by the plaintiff exceed $10,000.00.

3.

Venue is proper in East Baton Rouge Parish, Louisiana as to the defendant pursuant to La. Code Civ. Proc. art. 42, as the defendant is a foreign limited liability company licensed to do business in the State of Louisiana with its principal business establishment in the state located in East Baton Rouge Parish."

WHEREFORE, plaintiff prays that:

1

1)    This First Amending and Supplemental Petition be filed as prayed for according to law;

2)    Except as amended herein, all of the allegations and prayers for relief of plaintiffs' prior pleadings be repeated and reiterated as if recited herein *in extenso*;

3)    After the lapse of all delays and due proceedings had, that there be a judgment rendered herein in favor of plaintiffs and against defendant for a sum of damages as reasonable under the premises together with legal interest from the date of judicial demand until paid, and for all costs of these proceeding, and for the fees of expert witnesses; and

4)    For all other orders and decrees necessary in the premises, for all cost of these proceedings and for full, general and equitable relief.

                Respectfully submitted:

                Simien & Simien, L.L.C.
                Attorneys and Counselors at Law
                7908 Wrenwood Boulevard
                Baton Rouge, Louisiana 70809
                Email: PleadingService@simien.com
                (225) 932-9221; (225) 932-9286 (fax)

                */s/ Roy Bergeron, Jr.*
            By:   Eulis Simien, Bar # 12077
                   Jimmy Simien, Bar, # 1598
                   Roy Bergeron, Jr., Bar # 33726

EULIS SIMIEN, JR †
JIMMY SIMIEN †
MARK W. SIMIEN †
BRENT M. STEIER
ROY BERGERON, JR.^
PAMELA HANSEN
CALEB BROWN ^

† Also licensed in Texas
^ Also licensed in Mississippi

# SIMIEN & SIMIEN
*Attorneys and Counselors at Law*
*Registered Limited Liability Company*

7908 WRENWOOD BOULEVARD
BATON ROUGE, LOUISIANA 70809

Telephone (225) 932-9221
Facsimile (225) 932-9286
Web page www.simien.com

BATON ROUGE, LA
LAKE CHARLES, LA
NEW ORLEANS, LA
HOUSTON, TX

February 14, 2022

**VIA CLERK CONNECT**
Doug Welborn
19th Judicial District Clerk of Court
P.O. Box 1991
Baton Rouge, LA 70821-1991

   **RE: Jennifer Guillory vs. Carrington Mortgage Services**
     **19th Judicial District Court Docket No. 713414**
     <u>**Our File No. 20-4729**</u>

Dear Clerk:

  Please serve the original petition for damages previously filed in the referenced matter on November 18, 2021, upon the defendant, Carrington Mortgage Services, through their registered agent for service of process, **CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, La 70816**.

  With kind regards, I am

                Sincerely,

                Dawn Davide

cc: Jennifer Guillory
   Amanda Stout

EAST BATON ROUGE PARISH
Filed Feb 14, 2022 11:11 AM
Deputy Clerk of Court
E-File Received Feb 14, 2022 10:11 AM

C-713414
24

## SIMIEN & SIMIEN

EULIS SIMIEN, JR †
JIMMY SIMIEN †
MARK W. SIMIEN †
BRENT M. STEIER
ROY BERGERON, JR.^
PAMELA HANSEN
CALEB BROWN ^

† *Also licensed in Texas*
^ *Also licensed in Mississippi*

*Attorneys and Counselors at Law*
*Registered Limited Liability Company*

7908 WRENWOOD BOULEVARD
BATON ROUGE, LOUISIANA 70809

Telephone (225) 932-9221
Facsimile (225) 932-9286
Web page www.simien.com

BATON ROUGE, LA
LAKE CHARLES, LA
NEW ORLEANS, LA
HOUSTON, TX

February 14, 2022

**VIA CLERK CONNECT**
Doug Welborn
19th Judicial District Clerk of Court
P.O. Box 1991
Baton Rouge, LA 70821-1991

RE: **Jennifer Guillory vs. Carrington Mortgage Services**
   **19th Judicial District Court Docket No. 713414**
   **Our File No.   20-4729**

Dear Clerk:

Please serve the original petition for damages previously filed in the referenced matter on November 18, 2021, upon the defendant, Carrington Mortgage Services, through their registered agent for service of process, **CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, La 70816**.

With kind regards, I am

Sincerely,



Dawn Davide

cc:   Jennifer Guillory
      Amanda Stout

**Certified True and Correct Copy**
CertID: 2022021500514

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
2/15/2022 1:17 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

# SERVICE COPY



**D8433435**

## CITATION

NUMBER C-713414 "24"

**JENNIFER GUILLORY**
(Plaintiff)

**19TH JUDICIAL DISTRICT COURT**

**VS**

**CARRINGTON MORTGAGE COMPANY**
(Defendant)

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   **CARRINGTON MORTGAGE COMPANY**
      **THROUGH C T CORPORATION SYSTEM**
      **3867 PLAZA TOWER DR.**
      **BATON ROUGE, LA 70816**

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party. Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **FEBRUARY 15, 2022**.

*Julia Gray*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: SIMIEN, EULIS, JR**
*The following documents are attached:
**PETITION FOR DAMAGES**

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**    After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE: $_____
MILEAGE $_____
TOTAL:   $_____

Deputy Sheriff
Parish of East Baton Rouge

**RECEIVED**

**FEB 1 8 2022**

CITATION-2000

E B R SHERIFF'S OFFICE

# RETURN COPY



D8433435

## CITATION

**JENNIFER GUILLORY**
(Plaintiff)

NUMBER C-713414 "24"

VS

19TH JUDICIAL DISTRICT COURT

**CARRINGTON MORTGAGE COMPANY**
(Defendant)

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO: **CARRINGTON MORTGAGE COMPANY**
THROUGH C T CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party. Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
3. **21 DAYS** of the date you were served with the petition; **OR**
4. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **FEBRUARY 15, 2022**.

*Julia Gray*
Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: SIMIEN, EULIS, JR
*The following documents are attached:
PETITION FOR DAMAGES

**SERVICE INFORMATION:**

Received on the ____ day of _____, 20____ and on the ____ day of _____, 20____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.
**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.
**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.
**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.
**RETURNED:** Parish of East Baton Rouge, this ____ day of _____, 20____.

made service on the named party through the CT Corporation

SERVICE:$_____
MILEAGE$_____
TOTAL: $_____

Deputy Sheriff
Parish of East Baton Rouge

FEB 2 1 2022
by tendering a copy of this document to
Ashley Manvielle

CITATION-2000

DY. M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

# RETURN COPY



D8433435

## CITATION

JENNIFER GUILLORY
(Plaintiff)

NUMBER C-713414 "24"

VS

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

CARRINGTON MORTGAGE COMPANY
(Defendant)

STATE OF LOUISIANA

TO: **CARRINGTON MORTGAGE COMPANY**
**THROUGH C T CORPORATION SYSTEM**
**3867 PLAZA TOWER DR.**
**BATON ROUGE, LA 70816**

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party. Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
3. **21 DAYS** of the date you were served with the petition; **OR**
4. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **FEBRUARY 15, 2022**.

*Julia Gray*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: SIMIEN, EULIS, JR
*The following documents are attached:
**PETITION FOR DAMAGES**

### SERVICE INFORMATION:

Received on the ____ day of _____, 20___ and on the _____ day of _____, 20____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.
**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.
**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.
**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.
**RETURNED:** Parish of East Baton Rouge, this ____ day of _____, 20___.

made service on the named party through the

SERVICE:$_____
MILEAGE$_____
TOTAL: $_____

Deputy Sheriff
Parish of East Baton Rouge

CITATION-2000

CT Corporation

FEB 2 1 2022

by tendering a copy of this document to
Ashley Minvielle

DY. M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, Louisiana