# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JENNIFER GUILLORY**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 22-192-JWD-SDJ**

**CARRINGTON MORTGAGE
SERVICES, LLC**

---

## <u>ORDER</u>

"The burden of pleading [diversity] [of] citizenship is [on] the party invoking federal jurisdiction." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). Because Defendant removed this case from state court, it bears the burden of establishing complete diversity between the parties. According to the Notice of Removal, Plaintiff is a natural person and Defendant is a limited liability company.

The citizenship of an individual is synonymous with his or her domicile. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir.1996). The citizenship of an LLC is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077 (5th Cir. 2008). Citizenship must be traced, with specificity, "down the various organizational layers" of the LLC and in accordance with the rules that apply to the various forms of entities. *Mullins v. TestAmerica Inc*., 564 F.3d 386, 397-98 (5th Cir. 2009); *see also Carden v. Arkoma Assocs*., 494 U.S. 185, 195 (1990) ("In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").

Moreover, citizenship cannot be pled in the negative. *See Mullins v. TestAmerica, Inc*., 564 F.3d 386, 397 (5th Cir. 2009) (citizenship must be "distinctly and affirmatively alleged"). In other

words, it is not sufficient to allege that a defendant is not a citizen of the same state as the plaintiff. Instead, the party invoking the Court's jurisdiction must affirmatively state the citizenship of each party. *See Cameron v. Hodges*, 127 U.S. 322, 324 (1888) ("That the defendant Hodges was a citizen of Arkansas, in connection with the fact that none of the complainants were citizens of that state, is not sufficient to give jurisdiction in a circuit court of the United States."); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) ("That Mr. Mehrotra is a citizen of Rhode Island and that Zwirn is not considered a citizen of Rhode Island is not sufficient to give jurisdiction in a Court of the United States.").

Here, Defendant's Notice of Removal (R. Doc. 1) affirmatively alleges that Plaintiff is domiciled in, and is therefore a citizen of, Louisiana. (R. Doc. 1 at 1). But it ultimately alleges that Carrington Companies, LLC — the final member down the "various organizational layers" making up Defendant, Carrington Mortgage Services, LLC — "is a Delaware limited liability company, whose members are two natural individuals who are not citizens of the state of Louisiana." (R. Doc. 1 at 2). In other words, the Notice of Removal simply claims that Defendant, Carrington Mortgage Services, LLC, is not a citizen of Louisiana. This is not sufficient. And so,

**IT IS ORDERED** that Defendant will file an amended Notice of Removal within **7 days** of this Order that **affirmatively** alleges the **citizenship** of Defendant, **Carrington Mortgage Services, LLC**, including all of its members.

Signed in Baton Rouge, Louisiana, on July 26, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**