UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JENNIFER GUILLORY                                        CIVIL ACTION

VERSUS                                                   NO. 22-192-JWD-SDJ

CARRINGTON MORTGAGE
SERVICES, LLC

---

## ORDER

Before the Court is a Motion to Compel (R. Doc. 27) filed by Plaintiff on November 30, 2022. Because the Court finds Plaintiff has not complied with the requirements of Rule 37(a)(1), her Motion to Compel is **DENIED without prejudice**, as explained below.

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).

Here, the Motion to Compel explains that "Counsel for the plaintiff attempted, without success, to confer in good faith with the defendant regarding these responses and Carrington's

refusal to produce documents in response to these requests" (R. Doc. 27 at 2). Specifically, Plaintiff

states that her attorney sent two emails to Defendant's counsel in an effort to confer.

First, Plaintiff sent an email on the evening of November 17, 2022, ahead of the Rule

30(b)(6) deposition that was set for the following day, November 18, 2022. While that email

suggests Plaintiff disagrees with Defendant's position on certain document requests, it does not

name any specific Requests for Production, nor does it ask to hold a conference. (R. Doc. 27-9).

Indeed, the email seems to suggest that information sought, but not produced, can alternatively be

obtain through testimony from the Rule 30(b)(6) deponent. (R. Doc. 27-9 at 1) ("Without the

documents, it will just take longer in the deposition for us to cover those topics.").

When the November 17, 2022 email went unanswered, Plaintiff sent a second email on

November 21, 2022, the day before additional depositions were scheduled in this litigation. (R.

Doc. 27 at 2-3); (R. Doc. 27-10). By contrast, this second email clearly stated the discovery

responses at issue and asked for a conference with Defendant to discuss the issue. (R. Doc. 27-10).

This email also went unanswered, yet depositions occurred in this litigation the following day.

Discovery then closed on November 23, 2022 and Plaintiff filed the instant Motion to

Compel on November 30, 2022.[1] While the Court in no way condones Defendant ignoring

Plaintiff's emails, under the circumstances, these two emails are not enough to comply with

Plaintiff's obligation to meet and confer under Rule 37. *See Goins v. Illinois Nat'l Ins. Co.*, No.

18-cv-302-SDD-RLB, 2018 WL 3186960, at *2 (M.D. La. June 28, 2018) (denying motion to

compel for failure to confer where counsel's certificate simply claimed "that 'she has attempted to

resolve the issue of delinquent response to the First Set of Interrogatories and Request for

Production of Documents by contacting plaintiff counsel via e-mail correspondence and phone

---

[1] The Court makes no finding as to the timeliness of the instant Motion to Compel.

numerous times between May 1, 2018 and May 31, 2018' but 'Plaintiffs have failed to respond' . . . ."); *Velazquez–Perez v. Developers Diversified Realty Corp.*, 272 F.R.D. 310, 312 (D.P.R. 2011) (determining the emails and letters sent to defendant did not reveal that a good faith effort was made); *Robinson v. Napolitano*, 2009 WL 1586959, at *3 (D.S.D. June 4, 2009) (finding that the government's letter to the plaintiff, outlining why his discovery responses were deficient, did not satisfy the meet-and-confer requirement).

In particular, the Court finds it significant that both of Plaintiff's emails were sent the night before depositions were scheduled in this case. Yet Plaintiff does not indicate that her counsel made any effort to discuss this issue with Defendant's counsel either before or after those depositions. What's more, the deposition that occurred on November 18, 2022—the day after the initial email was sent—was the Rule 30(b)(6) deposition of Defendant and the Requests for Production at issue were served as part of the Rule 30(b)(6) deposition notice. Plaintiff had two ample opportunities to discuss these discovery issues face-to-face with Defendant at the 30(b)(6) deposition on November 18, 2022, and again at the additional depositions that took place on November 22, 2022. Plaintiff did not take advantage of these opportunities to resolve this issue without the need for Court intervention.

Beyond that, Plaintiff made no effort to pick up the phone and call Defendant at any time between receiving the discovery responses on November 17, 2022, and the close of discovery on November 23, 2022, or even prior to filing the instant Motion to Compel on November 30, 2022.

The Court will therefore not expend time and resources resolving a discovery issue that the parties themselves have made no effort to resolve. Therefore,

Plaintiff's Motion to Compel is **DENIED without prejudice** to **refile** within **14 days** of this Order and **only after** it has **met** and **conferred** with Defendant in **good faith** to **resolve** this discovery issue.

The **parties** are **ORDERED** to **meet** and **confer** either by **phone**, **video** conference, or **in person**. Defendant is advised that it **must** promptly **respond** to Plaintiff's counsel's **communications** to **set** a conference. Moreover, the Court expects the parties to make **every possible effort** to **resolve** this discovery issue without the need for Court intervention. The Court has every confidence that the parties will **work together** and **diligently cooperate** to **resolve** this discovery issue and **avoid** Plaintiff having to refile the instant Motion to Compel.

If a Motion to Compel is refiled, the **Rule 37 certificate must** specifically set forth the following **information**: (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone, video, or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties.

Signed in Baton Rouge, Louisiana, on December 9, 2022.


_____
    **SCOTT D. JOHNSON**
    **UNITED STATES MAGISTRATE JUDGE**