UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNIFER GUILLORY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-192-JWD-SDJ** |
| **CARRINGTON MORTGAGE SERVICES, LLC** | |

## ORDER

Before the Court is a Motion to Compel (R. Doc. 32) filed by Plaintiff Jennifer Guillory. Defendant has filed an Opposition (R. Doc. 33), to which Plaintiff has filed a Reply Memorandum (R. Doc. 38). At issue are the documents sought by Plaintiff in Request for Production Nos. 4, 5, and 8. For the reasons given below, the Motion to Compel (R. Doc. 32) is granted in part and denied in part.

A.   **Background**

After Plaintiff's home incurred "significant damage" during Hurricane Laura in the Fall of 2020, she "received a number of tenders from her insurance company . . . for the damages to her dwelling and other structures." (R. Doc. 32-2 at 2); (R. Doc. 15 at 3). The present litigation does not concern the insurance company, but the alleged "wrongful conduct of Ms. Guillory's mortgage company, Carrington Mortgage Services, LLC. (R. Doc. 32-2 at 2); (R. Doc. 15). Because it held the mortgage on Plaintiff's home, the insurance checks Plaintiff received following Hurricane Laura included Carrington as a payee. And so, the insurance checks were all sent to Carrington "to be held and disbursed to Ms. Guillory by Carrington's loss draft department." (R. Doc. 32-2 at 2). Plaintiff alleges that Carrington failed "to properly and timely perform inspections of the repairs

to her home and disburse the insurance proceeds that it was holding on behalf of Ms. Guillory." (R. Doc. 32-2 at 2); (R. Doc. 15 at 3, 8).

**B.     Applicable Law**

Unless otherwise restricted by the Court, Rule 26(b)(1) generally limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Relevant here, a party "resisting discovery" propounded under Rules 33 and 34 "must show specifically how each discovery request is not relevant or otherwise objectionable." *Gondola USMD PPM, LLC*, 2016 WL 3031852 at *2 (N.D. Tex. May 17, 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Rule 30(b)(6) allows a party to serve a notice of deposition on a business, so long as that notice "describe[s] with reasonable particularity the matters for examination." When that notice is served on a party to the litigation, it may also include "a request under Rule 34 to produce documents and tangible things at the deposition." Fed. R. Civ. P. 30(b)(2).

**C.     Discussion**

Near the close of discovery, Plaintiff served a Rule 30(b)(6) Notice of Deposition on Defendant that outlined 20 topics or "areas of testimony" and also included 15 Requests for Production. (R. Doc. 32-7 at 5-12). Defendant responded by raising some objections, but generally agreed to most of the "areas of testimony" and document requests, producing documents ahead of the Rule 30(b)(6) deposition. However, Defendant refused to provide any documents in response to Request for Production Nos. 4, 5, and 8. The deposition nonetheless went ahead on November 18, 2022, without the documents sought in Request for Production Nos. 4, 5, and 8. (R. Doc. 38-

2). When the parties could not resolve the issue on their own, Plaintiff filed the instant Motion to Compel. (R. Doc. 32).

Request for Production Nos. 5 and 8 seek production of certain "policies, practices, and procedures" related to loss draft funds handled by Carrington.

> **Request for Production No. 5:**
> All documents reflecting the policies, practices, and procedures which apply to the operations of Carrington's loss draft department as it relates to the receipt, handling, and disbursement of loss draft funds.
>
> **Request for Production No. 8:**
> All documents reflecting Carrington's policies, practices, and procedures for scheduling, performing, and reporting on inspections of damaged property prior to the issuance of loss draft funds which are being held by Carrington's loss draft department.

(R. Doc. 32-2 at 8). Defendant raised the same objection in response to both requests: "Carrington objects to this request as it seeks confidential and proprietary business records." (R. Doc. 32-2 at 8). As explained below, the Court first finds the policies and procedures in place when Carrington handled Plaintiff's loss draft funds are within the scope of discovery. And second, Defendant's objections are unfounded.

Given the factual allegations raised in the Complaint, the Court agrees with Plaintiff that the "existence (or the absence) of such policies and procedures, as well as [their] contents . . . are directly relevant . . . as they will allow Ms. Guillory to establish whether and to what extent Carrington's conduct deviated from its own accepted practices . . . ." (R. Doc. 32-2 at 8-9). Moreover, Carrington did not object to the requests as irrelevant in its discovery responses.[1]

---

[1] The relevancy argument raised in Opposition to the Motion to Compel carries little weight, as Carrington never objected to the discovery requests as irrelevant. *See Anding v. Ace Am. Ins. Co.*, 2023 WL 4280921, at *5 (M.D. La. June 29, 2023) (Because defendant did not raise these "objections to Plaintiff's discovery requests within thirty (30) days after they were served or within the extension of time agreed upon by the parties, the Court finds that Defendants have waived [these] objections to the discovery requests.").

Nonetheless, it is for the Court to decide the proper scope of discovery, which it may do even on its own motion. *See Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("[U]nder Rules

However, Request for Production Nos. 5 and 8 contain no temporal limit, and only those policies and procedures in place when Carrington was handling Plaintiff's loss draft funds are relevant to this litigation. *See Tri Invs., Inc. v. United Fire & Cas. Co.*, 2019 WL 3308512, at *3 (S.D. Tex. May 24, 2019) ("The Court finds that these policies and procedures, limited to those in effect during the time period that Defendant, its employees and third-party contractors or consultants were handling or adjusting the claim made the basis of this lawsuit, are relevant to Plaintiff's claims and proportional to the needs of the case."). Therefore, while the Court finds the policies and procedures requested are within the scope of discovery, it will temporally limit Request for Production Nos. 5 and 8 to only those in place during the time period at issue in this litigation — i.e., when Carrington was handling Plaintiff's loss draft funds.

Moreover, the Court finds Defendant's objections — that the policies and procedures are "confidential and proprietary" — to be unsupported. "There is no absolute privilege for trade secrets and similar confidential information," and "[t]o resist discovery, a [corporate] party must first establish that the information sought is a trade secret or other confidential information and . . . that disclosure would cause significant harm to its competitive and financial position." *In re Subpoena To Boardwalk Storage Co., LLC*, 2016 WL 1357747, at *2 (M.D. La. Apr. 5, 2016). "That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm." *Anding v. Ace Am. Ins. Co.*, 2023 WL 4280921, at *3 (M.D. La. June 29, 2023).

---

26(b)(1) and 26(b)(2)(C)(iii), a court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case . . . and the court must do so even in the absence of a motion."); Fed. R. Civ. P. 26(b)(2)(C)(iii) ("On motion or on its own, the court must limit the frequency or extent of discovery . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)."). And here, the Court has already found the policies and procedures at issue to be within the scope of discovery.

Here, Carrington's Responses to Request for Production Nos. 5 and 8 did not include any legal or factual support to show that the policies and procedures were indeed proprietary and that their disclosure would harm its business. Instead, it simply provided the same conclusory objection to both requests: "Carrington objects to this request as it seeks confidential and proprietary business records." This is not enough. Defendant also refused Plaintiff's reasonable offer to enter into a protective order ahead of producing the responsive policies and procedures.

What's more, Request for Production Nos. 5 and 8 seek documents identical to the testimony sought in Topic Nos. 6 and 8 of the Rule 30(b)(6) Notice of Deposition. *Compare* (Topic No. 6, R. Doc. 35-1 at 7) ("policies, practices, and procedures which apply to the operations of Carrington's loss draft department as it relates to the receipt, handling, and disbursement of loss draft funds . . . ."), *and* (Topic No. 8, R. Doc. 35-1 at 8) ("policies, practices, and procedures for scheduling, performing, and reporting on inspections of damaged property prior to the issuance of loss draft funds . . . ."), *with* (RFP Nos. 5 and 8, R. Doc. 32-2 at 8) (same). However, clearly undermining its current objections to Request for Production Nos. 5 and 8, is Carrington's failure to object to Topic Nos. 6 and 8 as seeking testimony about confidential or proprietary policies and procedures. (Resp. to Topic No. 6, R. Doc. 35-1 at 7) ("Ms. Russell will testify concerning the loss draft procedures"); (Resp. to Topic No. 8, R. Doc. 35-1 at 8) ("Ms. Russell will testify concerning the loss draft procedures applicable to Ms. Guillory's claim").

In its Opposition to the Motion to Compel, Carrington for the first time elaborates slightly on its objection, claiming:

> The policy not only outlines Carrington's expectations of its loss draft vendor, but also contains information about Carrington's computer systems, workflows and negotiated billing rates between Carrington and its loss draft vendor. This information is confidential and sensitive business information which Carrington should not be ordered to disclose.

(R. Doc. 33 at 7). But again, Carrington makes no effort to support this claim with affidavits or other evidence. And it does not even suggest that any harm will actually result from disclosure. Without more, the Court finds that Carrington has not substantiated its conclusory objection that the policies and procedures at issue are confidential and proprietary. And so,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 32) is **GRANTED** as to **Request for Production Nos. 5 and 8**. The Court **temporally limits** Request for Production Nos. 5 and 8 to the "policies, practices, and procedures" in place at the time Carrington was handling Plaintiff's loss draft funds at issue in this litigation—i.e., the insurance proceeds intended to cover the property damage caused by Hurricane Laura. In accordance with the temporal limitations set by the Court, Defendant is **ORDERED** to **respond** to Request for Production Nos. 5 and 8 within **7 days** of this Order.

The final issue before the Court is Request for Production No. 4, which concerns Defendant's document retention policies.

> **Request for Production No. 4:**
> All documents reflecting your document retention, destruction, and/or record keeping policies, practices, and procedures, as they relate to any documents that were produced or should have been produced in response to any request for production of documents or other discovery request issued by the Plaintiff in this case.

(R. Doc. 32-2 at 12). Carrington, again, objected to this request as seeking "confidential and proprietary business records." (R. Doc. 32-2 at 12). Carrington gave no further explanation in its discovery responses and the Court again finds its objection to be unsupported. But here, the Court finds that Carrington's document retention policies are not proportional to the needs of this case and do not otherwise fall within the scope of discovery.[2] *See Samsung Elecs. Am. Inc. v. Yang Kun*

---

[2] Carrington again did not object to Request for Production No. 4 as irrelevant. Nonetheless, it is for the Court to decide the proper scope of discovery, which it may do even on its own motion. *See Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("[U]nder Rules 26(b)(1) and 26(b)(2)(C)(iii), a court

*"Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case").

According to Plaintiff, the "document retention policy is relevant" to "whether any documents are in existence that were requested" but no produced. (R. Doc. 32-2 at 12). And the "only way that Ms. Guillory can know whether any documents relevant to this case might have been destroyed is by production of the document retention policies." (R. Doc. 32-2 at 13). To be sure, Plaintiff does not suggest that the document retention policies fall within the scope of discovery because it is relevant to an actual element of her claim. Instead, she has made clear that the document retention policy is only being sought to determine if any requested documents have been withheld or destroyed, just in case. In other words, Plaintiff is requesting 'discovery on discovery.' *See VeroBlue Farms USA Inc. v. Wulf*, -- F.R.D. --, 2021 WL 5176839, at *9 (N.D. Tex. Nov. 8, 2021) ("eschewing 'discovery on discovery'"). She provides no basis for her concern that documents requested in discovery have been lost or destroyed, aside from her unfounded speculation, which is not enough. *Compare King v. Americas Ins. Co.*, 2016 WL 2610016, at *3 (E.D. La. May 5, 2016) (insurer's document retention policy discoverable given plaintiff established the likelihood of existing "documents which were not produced or identified in discovery, [but] [were] in fact a part of Defendant's claim file.").

Generally, a party seeking this type of discovery should point to a "specific or material deficiency in the other party's production" or otherwise "make a showing, including through the documents that have been produced, that allows the Court to make a reasonable deduction that

---

can—and must—limit proposed discovery that it determines is not proportional to the needs of the case . . . and the court must do so even in the absence of a motion."); Fed. R. Civ. P. 26(b)(2)(C)(iii) ("On motion or on its own, the court must limit the frequency or extent of discovery . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1).").

other documents may exist or did exist and have been destroyed" or must "point to the existence of additional responsive material." *Baker v. Walters*, -- F. Supp. 3d --, 2023 WL 424788, at *14 (N.D. Tex. Jan. 26, 2023); *see also Freedman v. Weatherford Int'l Ltd.*, 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014) ("In certain circumstances where a party makes some showing that a producing party's production has been incomplete, a court may order discovery designed to test the sufficiency of that party's discovery efforts in order to capture additional relevant material.").

Plaintiff makes no effort to support her need for this discovery. And the "fact that a party may disbelieve . . . a response . . . is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect." *Baker v. Walters*, -- F. Supp. 3d -- , 2023 WL 424788, at *13 (N.D. Tex. Jan. 26, 2023); *see also Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008) ("Speculation that there is more will not suffice; if the theoretical possibility that more documents exist sufficed to justify additional discovery, discovery would never end."). Because Plaintiff has presented nothing beyond mere speculation,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 32) is **DENIED** as to **Request for Production No. 4**.

### D. Conclusion

For the reasons given above, **IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 32) is **GRANTED in part** and **DENIED in part**, as follows.

- The Motion to Compel (R. Doc. 32) is **denied** as to **Request for Production No. 4**.

- The Motion to Compel (R. Doc. 32) is **granted** as to **Request for Production Nos. 5 and 8**.

    o The Court **temporally limits** Request for Production Nos. 5 and 8 to the "policies, practices and procedures" in place at the time Carrington was handling Plaintiff's

loss draft funds at issue in this litigation—i.e., the insurance proceeds intended to cover the property damage caused by Hurricane Laura.

- o In accordance with the temporal limitations set by the Court, Carrington is **ORDERED** to **produce all documents** in its possession, custody, or control that are responsive to Request for Production Nos. 5 and 8 within **7 days** of this Order.

Signed in Baton Rouge, Louisiana, on July 21, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**